JOHN M. CARACAPPA*
MATTHEW N. BATHON*
KATHERINE D. CAPPAERT*
NIGEL G. RAY (SBN 292638)
jcaracappa@steptoe.com
mbathon@steptoe.com
kcappaert@steptoe.com
nray@steptoe.com
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue N.W.
Washington, D.C. 20036

JAMIE LUCIA (SBN 246163)
jlucia@steptoe.com
STEPTOE & JOHNSON, LLP
One Market Plaza, Spear Tower, Suite 3900
San Francisco, CA 94105

*Attorneys for Plaintiff*
*The Solaria Corporation*

\* Appearance *pro hac vice*

Mike Bettinger (SBN 122196)
mbettinger@sidley.com
Saurabh Prabhakar (SBN 300981)
sprabhakar@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772 1200
Fax: (415) 772 7400

Samuel N. Tiu (SBN 216291)
stiu@sidley.com
Brooke Böll (SBN 318372)
brooke.boll@sidley.com
Mitchell Santos (SBN 332849)
mitchel.santos@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: (213) 896 6095
Facsimile: (213) 896 6600

*Attorneys for Defendants*
*Canadian Solar Inc. and*
*Canadian Solar (USA) Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE SOLARIA CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CANADIAN SOLAR, INC., a Canadian corporation, and CANADIAN SOLAR (USA), INC.,<br><br>Defendant. | Case No. 4:20-cv-02169-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Assigned to: Hon. Jon S. Tigar<br><br>Date: December 21, 2021<br><br>Time: 2:00 p.m. |

Plaintiff The Solaria Corporation ("Solaria") and Defendants Canadian Solar Inc. and Canadian Solar (USA) Inc. ("Canadian Solar" or "Defendants") jointly submit this Case Management Statement.

### 1. Jurisdiction and Service

The Court presumptively has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this is a patent infringement case and the claims arise under the laws of the United States. There are no current issues regarding personal jurisdiction or venue. All parties to this action have been served.

### 2. Case Background

On March 31, 2020, Solaria filed this action for infringement of U.S. Patent No. 10,522,707 titled, "Tiled Solar Cell Laser Process" (the "'707 Patent"). On June 3, 2020, Solaria filed its First Amended Complaint adding a claim for infringement of U.S. Patent No. 10,651,333 also titled, "Tiled Solar Cell Laser Process" (the "'333 Patent"). On October 8, 2020, Solaria filed its Second Amended Complaint adding a claim for infringement of U.S. Patent No. 10,763,388 also titled, "Tiled Solar Cell Laser Process" (the "'388 Patent").

Canadian Solar denies that any of its products infringe any asserted claim of the patents in suit and asserts that the patents in suit are unenforceable and invalid. Canadian Solar also asserts Solaria lacks standing to assert the '388 Patent.

### 3. Legal Issues

Solaria and Canadian Solar anticipate the following issues:

a) whether Canadian Solar has infringed the '707, '333, and '388 Patents;

b) whether the asserted claims of the '707, '333, and '388 Patents are valid and enforceable;

c) damages, if any, resulting from any alleged infringement;

d) assuming infringement can be established, whether Canadian Solar's infringement is willful; and

e) whether either party is entitled to attorneys' fees and/or costs.

### 4. Parallel ITC Investigation and IPRs

Parallel to this action, Solaria also sought a Section 337 Investigation by the U.S. International Trade Commission, asserting infringement of the same three patents asserted in this Court. Solaria filed the ITC Investigation on September 15, 2020, and the ITC instituted the investigation on October 21, 2020. Investigation No. 337-TA-1223. Fact and expert discovery was completed relating to the issues of infringement, invalidity, standing, and unclean hands in the ITC. The parties agree that the discovery and depositions in the ITC can be used in this action.

An evidentiary hearing before the Administrative Law Judge (ALJ) was held on August 9-13, 2021. Before this evidentiary hearing, Solaria withdrew the '707 Patent from the ITC investigation and the evidentiary hearing proceeded only with the '333 and '388 Patent. The ALJ issued an Initial Determination on September 14, 2021 a copy of which was submitted to this Court on November 22, 2021. ECF No. 106. The Initial Determination found that Solaria had standing to assert the '388 and '333 Patents, that all asserted claims were infringed by the accused products, and that Canadian Solar had not shown any asserted claims were invalid or unenforceable.

Canadian Solar has petitioned the Commission to review the ALJ's Initial Determination. On December 9, 2021, the Commission extended the deadline for determining whether to review the ALJ's Initial Determination from the initial date of December 22, 2021 to January 24, 2022.

With respect to the '707 Patent, this patent is currently the subject of an Inter Partes Review (IPR) before the US Patent and Trademark Office (USPTO). The IPR was instituted on September 24, 2021 and the oral hearing is scheduled for June 20, 2022. Solaria filed its patent owner preliminary response to the IPR petition on March 1, 2021. IPR2021-00095.

With respect to the '333 Patent, an IPR was also filed against this patent. But the USPTO, exercising its discretion under 35 U.S.C. § 314(a) denied institution on September 30, 2021, reasoning that "the fact that there is not a likelihood of a stay in the ITC investigation, the ITC investigation is scheduled to be completed substantially before our final written decision, and the high level of investment in the ITC investigation outweigh the facts that support declining to exercise discretion." IPR2021-00659.

5. **Motions**

There are no pending motions at this time.

<u>Solaria's Position</u>: Solaria does not anticipate filing any motions at this time. Solaria believes additional discovery in view of the Court's claim construction is warranted prior to the filing of any motions for summary judgment on issues of infringement.

<u>Canadian Solar's Position</u>: Canadian Solar intends to file a motion for summary judgment of noninfringement of all of the asserted claims of the '707, '333 and '388 patents. In view of the Court's Claim Construction Order (ECF No. 103) and the substantial factual record established on the operation of Canadian Solar's accused products and processes in the ITC, Canadian Solar proposes filing a summary judgment motion at the Court's earliest convenience.

**6. Amendment of Pleadings**

The deadline to amend pleadings has passed. The parties have no intention of amending pleadings at this time.

**7. Evidence Preservation**

The parties have instituted reasonable document retention measures to maintain relevant documents, including the issuance of a litigation hold for both hardcopy documents and electronic documents.

**8. Disclosures**

The parties have provided all required initial disclosures as well as infringement contentions, invalidity contentions, and damages contentions as required under the Patent Local Rules.

**9. Discovery**

Fact and expert discovery in the related ITC investigation (Investigation No. 337-TA-1223) relating to issues of infringement, invalidity, standing, and unclean hands has already been performed, including discovery and depositions of the Solaria's inventors, Solaria's corporate witnesses, Canadian Solar's corporate and technical witnesses relating to the operation of the accused products and processes.  The parties also engaged in substantial document production and written discovery in terms of interrogatories and requests for admission.  And expert reports on infringement, invalidity, and unclean hands were also exchanged.  Further discovery is still needed on a handful of other issues, particularly those not at issue or not addressed at the hearing in the

related ITC investigation. These issues include: willful infringement, damages and inequitable conduct.

**Solaria's Position:**

Solaria anticipates limited additional discovery will be needed in view of the Court's claim construction on the issue of infringement, including potentially the need for depositions of oversees witnesses. The Court's construction of the term "ablation" was not proposed by either party, nor was it at issue during fact and expert discovery at the ITC. Additional discovery is warranted here to demonstrate Canadian Solar's infringement of the asserted claims as construed by the Court.

**Canadian Solar's Position:**

Canadian Solar disagrees that Solaria needs additional discovery on the issue of infringement. Solaria has already deposed Canadian Solar's engineers and Rule 30(b)(6) witnesses on the process and equipment used in making the accused products, including the type of lasers and laser parameters used by Canadian Solar to cut its solar cells. The parties have agreed that the ITC depositions can be used in the District Court to avoid burdening the factual witnesses with a second deposition. Moreover, Canadian Solar's documents and technical specifications for its process and products were produced to Solaria long ago, and Solaria's expert has also tested solar cell samples produced by Canadian Solar during discovery and determined how the solar cells were cut. Solaria's expert provided a report on infringement (over 225 pages) and testified for hours at the ITC evidentiary hearing on how Canadian Solar's laser scribing process and products work. Based upon this extensive evidence, Solaria's expert complied a chart setting out the key parameters of Canadian Solar's lasers, along with Scanning Electron Microscopy (SEM) images of solar cells scribed by Canadian Solar's lasers.

**10. Class Actions**

This is not a class action.

**11. Relief**

Solaria's Statement of Relief: Solaria seeks damages for Canadian Solar's infringement, a trebling of damages for willful infringement, pre and post judgment interest, an injunction preventing infringing activity, and its attorneys' fees and costs.

<u>Canadian Solar's Statement of Relief</u>: Canadian Solar seeks judgment (including declaratory judgment) that the asserted claims of the '707, '333, and '388 patents are invalid and that Canadian Solar has not, and does not, infringe, directly or indirectly, any valid and enforceable claim of the '707, '333, or '388 patents, either literally or under the doctrine of equivalents, thereby dismissing Solaria's Complaint in its entirety with prejudice; and seeks its attorneys' fees and costs.

**12. Settlement and ADR**

On June 16, 2021, counsel with authority to settle for Canadian Solar and Solaria participated in a mediation session to discuss settlement. The mediation was conducted virtually by Kent Stevens. While the parties conducted the mediation in good faith, and various options were discussed, the parties failed to reach agreement at that mediation.  The parties are continuing in their informal discussion of a potential settlement.

**13. Consent to Magistrate**

The parties do not consent to having a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14. Other References**

The parties do not believe that this case is suitable for reference to binding arbitration, or a special master.

**15. Narrowing of Issues**

The parties have entered into certain factual stipulations during the ITC investigation relating to the certain issues relevant to on-sale bar, infringement and other issues. The parties are discussing the applicability of these stipulations to the present action in this Court.

**16. Expedited Trial Procedure**

The parties agree that this is not the type of case that should be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17. Scheduling**

The parties propose the following schedule:

|  | **Canadian Solar's Position** | **Solaria's Position** |
| --- | --- | --- |

| | | |
|---|---|---|
| Early Dispositive Motion Hearing | Court's convenience following briefing | Solaria opposes an early motion without additional discovery |
| Close of Fact Discovery | March 18, 2022 | June 3, 2022 |
| Burden of Proof Expert Reports | April 29, 2022 | July 22, 2022 |
| Opposition Expert Reports | May 31, 2022 | August 30, 2022 |
| Rebuttal Expert Reports | June 15, 2022 | September 7, 2022 |
| Close of Expert Discovery | June 22, 2022 | September 14, 2022 |
| Last Day for Dispositive Motions / Daubert Motions | July 22, 2022 | September 23, 2022 |
| Opposition to Dispositive Motions / Daubert Motions | August 5, 2022 | October 7, 2022 |
| Replies Re: Dispositive Motions / Daubert Motions | August 19, 2022 | October 21, 2022 |
| Dispositive motions hearing | Court's convenience following briefing | |
| Pre-trial meet and confer and Local Rules exchanges (L.R. 16-10(b)(7)-(10) | 21 days before Pretrial Conference | |
| Joint pretrial statements, deposition designations, trial witness list, exhibits lists | 10 days before Pretrial Conference | |
| Motions *in limine* | 10 days before Pretrial Conference | |
| Joint proposed jury instructions, voir dire, and verdict form | 5 days before Pretrial Conference | |
| Oppositions to motions *in limine* | 3 days before Pretrial Conference | |
| Pre-trial conference | Court's convenience, September 2022 | Court's convenience, December, 2022 |
| Trial | Court's convenience, October 2022 | Court's convenience, December, 2022 |

**18. Trial**

The case will be tried to a jury. The parties anticipate 5-7 days for trial.

**19. Disclosure of Non-party Interested Entities or Persons**

The parties have filed Certifications of Interested Persons or Entities pursuant to Civil Local Rule 3-15. The parties agree to amend the Certifications of Interested Persons or Entities to reflect any future changes.

**20. Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other**

No other matters are known at present that may facilitate the just, speedy, and inexpensive disposition of this matter.

Respectfully submitted,

Date: December 14, 2021        By: */s/ John M. Caracappa*

                                             John. M. Caracappa

                                   STEPTOE & JOHNSON, LLP
                                   1330 Connecticut Avenue N.W.
                                   Washington, D.C. 20036

                                   *Attorney for Plaintiff The Solaria Corporation*

                                   * Appearance *pro hac vice*


Date:  December 14, 2021        By: */s/ Michael J. Bettinger*

                                             Michael J. Bettinger

                                   SIDLEY AUSTIN LLP
                                   555 California Street, Suite 2000
                                   San Francisco, CA 94104

                                   *Attorney for Defendants Canadian Solar Inc. and Canadian Solar (USA) Inc.*